[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14365

_____

D. C. Docket No. 02-02332-CV-JOF-1

HARRY WAGNER, on behalf
of himself and all others
similarly situated,

Plaintiff-Appellant

JOHN R. WELLS, on behalf
of himself and all others
similarly situated,
ALFRED JACOBSON, on behalf of
himself and all others similarly
situated,

Consolidated Plaintiffs-Appellants,

versus

FIRST HORIZON PHARMACEUTICAL
CORPORATION,
MAHENDRA G. SHAH,
JOHN N. KAPOOR,
BALAJI VENKATARAMAN,
JON S. SAXE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(September 18, 2006)**

Before EDMONDSON, Chief Judge, and BIRCH and ALARCON,[*] Circuit Judges.

BIRCH, Circuit Judge:

In this appeal, we determine that even securities claims without a fraud element must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b) when that nonfraud securities claim is alleged to be part of a defendant's fraudulent conduct. We also remind district courts of their supervisory obligation to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to adequately link a cause of action to its factual predicates. Applying these determinations to this case, we VACATE the district court's orders and REMAND WITH INSTRUCTIONS to order repleading.

## I. BACKGROUND

This securities class action alleges violations of both the Securities Act, 15

_____

[*] Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

U.S.C. § 77a, et seq., and the Exchange Act, 15 U.S.C. § 78a, et seq. Because the case is before us on a motion to dismiss, we draw all inferences in favor of the plaintiffs. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The class of plaintiffs in this case consists of all people who traded First Horizon securities between 24 April 2002 and 29 April 2003. A subclass of these plaintiffs consists of those people who purchased common stock in First Horizon's secondary offering, relying on a 5 March 2003 Registration Statement, which was subsequently amended.

First Horizon is a pharmaceuticals company that markets and sells, but does not develop, prescription drugs. First Horizon focuses its marketing efforts on the physicians who prescribe the drugs but only sells the drugs to wholesalers, drug store chains, retail merchandisers, and, occasionally, directly to retail pharmacies. Plaintiffs allege that there is a disconnect between First Horizon's marketing efforts and its sales such that reports of increased prescriptions by physicians may not accurately reflect increased sales from First Horizon to its distributors and retailers.

The secondary offering that underpins the Securities Act claim was completed to finance the acquisition of a new product line, Sular, which is an anti-hypertensive drug. Plaintiffs contend that First Horizon needed to maintain market

3

confidence in their securities in order to keep the trading price of their stock at a price that would bring in enough capital for the number of shares First Horizon desired to add to the market. Plaintiffs allege that First Horizon, therefore, employed a fraudulent scheme to control the revenue growth. The gist of the fraudulent scheme was to push more inventory into the supply chain and to recognize revenue without increased market demand for the product, that is, without increased sales by the product's distributors and retailers.

Reviewing the defendants' motions to dismiss, the district court concluded that the plaintiffs "fail[ed] to link their specific allegata to the causes of action pled in their complaint" and that this failure meant that the plaintiffs had not met the pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b) ("PSLRA"). R6-68 at 36. Anticipating a motion to amend, the court conditioned any such amendment on the payment of the defendants' costs and fees associated with the motion to dismiss.

The plaintiffs filed a motion to lift that condition. The district court denied that motion and observed that both parties had "defaulted" on the "court's offer." R6-77 at 7. The court then "extend[ed] substantially the same offer:" defendants were to submit a claim for fees and costs with information sufficient to allow the court to determine their reasonableness, and plaintiffs were to file an amended

4

complaint "with the understanding that Plaintiffs will have to pay some reasonable fee for the Defendants' fees and costs associated with the motions to dismiss." Id. at 7–8. The court noted that the plaintiffs could then reargue the reasonableness of the defendants' requested expenses and whether the court should impose them at all.

Plaintiffs allowed the conditioned period to expire and filed a notice of appeal challenging both orders.[1] On appeal the plaintiffs continue to argue the merits of whether the complaint stated a claim and whether the district court properly conditioned amendment of the complaint. As discussed in the subsequent section, we strike a different path, concluding that the complaint is so deficient that the court should have sua sponte ordered repleading.

## II. DISCUSSION

We review de novo a district court order granting a motion to dismiss. Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1187 (11th Cir. 2002). First,

---

[1] First Horizon challenges the propriety of this appeal, arguing that we lack jurisdiction because the appeal is untimely following the plaintiffs' decision not to appeal the initial order conditioning amendment. However, because the district court entertained the plaintiffs' motion to review the condition on that first order, the order never resulted in a final order for purposes of appeal. The plaintiffs did timely appeal the second order, which became final at the expiration of the stated condition. See Van Poyck v. Singletary, 11 F.3d 146, 148 (11th Cir. 1994) (per curiam). We have jurisdiction to review both orders. Barfield v. Brierton, 883 F.2d 923, 930 (11th Cir. 1989) ("[T]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.").

we determine when nonfraud claims under the Securities Act must be pled with particularity. Second, we review the district court's conclusions about whether the plaintiffs met their heightened pleading burden.

A. <u>When Nonfraud Claims Must Be Pled with Particularity</u>

Section 11 of the Securities Act creates a cause of action against persons preparing and signing materially misleading registration statements. 15 U.S.C. § 77k(a). A registration statement can be misleading either by containing an untrue statement or by omitting facts that are necessary to prevent other statements from being misleading. <u>Id.</u> There is no state of mind element to a § 11 claim, and liability is "virtually absolute, even for innocent misstatements." <u>Herman & MacLean v. Huddleston</u>, 459 U.S. 375, 382, 103 S. Ct. 683, 687 (1983). Likewise, § 12(a)(2) extends similar liability to misrepresentations in prospectuses and oral communications. <u>See</u> 15 U.S.C. § 77l(a)(2). It is clear that neither allegations of fraud nor scienter are necessarily part of either of these claims. For this reason, we refer to these two claims as "nonfraud" claims in this opinion.

The question presented to us, however, regards whether there are circumstances when Federal Rule of Civil Procedure 9(b) would require nonfraud securities claims to be pled with particularity. Our sister circuits split on this

6

matter. Compare Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 161 (3d Cir. 2004); Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004); Lone Star Ladies Inv. Club v. Schlotzsky's, Inc., 238 F.3d 363, 368 (5th Cir. 2001); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1404–05 (9th Cir. 1996), with In re Nationsmart Corp. Sec. Litig., 130 F.3d 309, 314–15 (8th Cir. 1997). In line with the majority of circuits to address the matter, we hold that Rule 9(b) applies when the misrepresentation justifying relief under the Securities Act is also alleged to support a claim for fraud under the Exchange Act and Rule 10(b)-5.[2]

Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule requires this particularity in order to "alert[] defendants to the precise misconduct with which they are charged and [to] protect[] defendants against spurious charges of immoral and fraudulent behavior." Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1986) (quotations omitted). "[T]he rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . [and] protects defendants

---

[2] Plaintiffs argue on appeal that the defendant underwriters are different from the rest of the defendants in this action because the only claim made against them arose in the § 11 context; that is, there was no fraud cause of action against the underwriters. See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 272–73 (3d Cir. 2006). We need not address whether this distinction makes a difference because the plaintiffs pressed this argument for the first time on appeal. See Tanner Advertising Group, L.L.C. v. Fayette County, GA, 451 F.3d 777, 787 (11th Cir. 2006) (en banc).

from harm to their goodwill and reputation." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotations omitted). The twin purposes of providing notice and protecting reputation guide our decision in determining the scope of Rule 9(b)'s reach.

We acknowledge that Federal Rule of Civil Procedure 8(e) allows a plaintiff to plead in the alternative and note that separate counts of the complaint must be read separately. Thus, if a complaint were to state properly a claim for battery and fraud, the allegations surrounding the fraud claim would have to be stated with particularity whereas the allegations surrounding the battery claim would only need be stated in accordance with notice pleading standards. However, the §§ 11 and 12(a)(2) claims in this case are different from the previous hypothetical in that the complaint alleges that the misrepresentation at issue in the nonfraud claims are also the beginning of—or otherwise part of—the predicate fraud for the Rule 10(b)(5) securities fraud claim.

We conclude that a § 11 or § 12(a)(2) claim must be pled with particularity when the facts underlying the misrepresentation at stake in the claim are said to be part of a fraud claim, as alleged elsewhere in the complaint. It is not enough to claim that alternative pleading saves the nonfraud claims from making an allegation of fraud because the risk to the defendant's reputation is not protected.

8

It would strain credulity to claim that Rule 9(b) should not apply in this allegation: The defendant is a no good defrauder, but, even if he is not, the plaintiff can still recover based on the simple untruth of the otherwise fraudulent statement. Nor is it enough to present a general disclaimer in an attempt to immunize the nonfraud claims from the Rule 9 requirements, for the same common sense reasons. The purpose of the rule is to protect a defendant's good will and reputation when that defendant's conduct is alleged to be fraudulent.

This conclusion does not add new elements to the nonfraud claims, nor does it elevate the pleading standard when the claim is not alleged to have been part of another fraud-based claim. If would-be plaintiffs bring a § 11 or § 12(a)(2) claim without alleging the misrepresentation at issue in the claim was fraudulent, they would avoid the heightened pleading requirements of Rule 9(b). On the other hand, if the would-be plaintiffs are claiming that the § 11 or § 12(a)(2) misrepresentation is part and parcel of a larger fraud, then the rule's protective purpose attaches and the plaintiffs must plead with particularity. In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8. See Durham, 847 F.2d at 1511.

B.  <u>Motion To Dismiss the Securities and Exchange Act Claims</u>

The district court's basis for its Rule 12(b)(6) dismissal was the plaintiff's "failure to link their specific allegata to the causes of action pled in their complaint."  R6-68 at 36.  The court concluded that this failure to link resulted in a pleading that did not permit the court to discern whether a claim had been stated with the particularity required by Rule 9(b) and the PSLRA.  Thus, the court did not address the actual merits of the Securities Act and securities fraud claims.

Reviewing the complaint, we agree with the district court in this regard: there are two problems with the complaint that demonstrate to us the inappropriateness of allowing the matter to proceed.  First, the specific counts of the complaint, wherein the plaintiff demarcates his cause of action, are insufficiently detailed for purposes of Rule 9(b), as to the Securities Act claims, and for purposes of Rule 9(b) and the PSLRA, as to the Exchange Act claims.[3] Second, the elements of these claims are also insufficiently linked to the large fact section that proceeds the counts.[4]  These legal conclusions, however, do not bear

---

[3]  With this observation, we do not pass on whether there are sufficient factual predicates in the large fact section prior to the substantive counts that would state a claim with the required particularity.  We are simply noting that there are not enough facts in the substantive counts, disregarding the incorporation clauses.

[4]  Again, we do not pass on whether there exist enough facts in the complaint to survive a motion to dismiss.  We agree with the district court that the plaintiffs are required to better explain what facts support their claims for relief.

10

on the merits of underlying claims, because, as the district court said, "[w]ithout any obvious means of connecting Plaintiff's causes of action with the allegata underlying those causes, the court is unable to determine whether Plaintiff's claims are meritorious or precisely the kind of abusive litigation Congress sought to prevent." R6-68 at 28.

The complaint at issue in this case is a proverbial shotgun pleading. Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). "[S]hotgun pleadings wreck havoc on the judicial system." Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001). Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to efficiently use those resources.

We illustrate this problem with Count IV of the complaint, which lays out the plaintiffs' claims for securities fraud against First Horizon and the individual defendants. The first paragraph, numbered 199, states, "Plaintiffs repeat and reallege the allegations set forth above as though fully set forth herein." R2-43 ¶ 199. No further reference is made to the previous allegations in the complaint, leaving the reader to wonder which prior paragraphs support the elements of the fraud claim. Following this prior paragraph incorporation clause, the complaint

11

generally avers a securities fraud claim.

In paragraph 200, the plaintiffs claim that the defendants carried out a plan to deceive the investing public, which resulted in the market trading the defendants' securities at an artificially high price. The next paragraph alleges that the defendants used untrue statements or omitted material statements that resulted in the fraud. The complaint then discusses the defendants' duty to truthfully report investing information to the public. The next two paragraphs summarize how the individual defendants are generally related to the allegations of fraud. The plaintiffs then allege that they traded during the class period, were unaware of the falsity of the defendants statements, and were injured by the fraud. These allegations cover, in a general manner, the elements of a securities fraud claim under Rule 10(b)-5, 17 C.F.R. § 240.10b-5. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

The central problem is that the factual particularity of the first 175 paragraphs is not connected to the otherwise generally pled claim in any meaningful way.[5] The concern we address today is structural and does not express an opinion on the merits of the claim. The lack of connection between the

---

[5] On appeal the plaintiffs have demonstrated their ability to cite specifically to the factual paragraphs that substantiate their claims. We expect that kind of connectivity would allow the district court to determine whether the plaintiffs have stated a claim.

substantive count and the factual predicates is the central problem with each of the enumerated counts in the complaint, because courts cannot perform their gatekeeping function with regard to the averments of fraud. It is not that we know that the plaintiffs cannot state a claim but rather that we do not know whether they have. This is because the plaintiffs have not connected their facts to their claims in a manner sufficient to satisfy Rule 9(b).

Nonetheless, we disagree that dismissal was the appropriate course of action for the district court to take at this juncture in the litigation. As the district court concluded, "the problem was not that Plaintiffs did not allege enough facts, or failed to recite magic words; the problem lay in the fact that while Plaintiffs introduced a great deal of factual allegations, the amended complaint did not clearly link any of those facts to its causes of action." R6-77 at 6. We disagree with the dismissal of this case because these observations sound more clearly in Rule 12(e)'s remedy of ordering repleading for a more definite statement of the claim, rather than in Rule 12(b)(6)'s remedy of dismissal for failure to state a claim. In fact, the court noted that there was "no repeated failure on Plaintiff's part to draft a conforming complaint."[6] Id.

_____

[6] We note that, although the complaint considered by the court was the plaintiff's "Consolidated Amended Class Action Complaint," this is the first complaint to which the defendants filed a motion to dismiss (or any other responsive document). See R2-43 and R2-46–48.

13

Given the district court's proper conclusions that the complaint was a shotgun pleading and that the plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading <u>sua sponte</u>. <u>See</u> <u>Byrne</u>, 261 F.3d at 1133.[7] The Fifth Circuit has observed the utility of employing Rule 12(e) repleadings to clarify fraud claims in order to obtain the required degree of factual particularity. <u>See</u> <u>Cates v. Int'l Tel. & Tel. Corp.</u>, 756 F.2d 1161, 1180 (5th Cir. 1985).

### III. CONCLUSION

In this appeal, we determined that even securities claims without a fraud element must be pled with particularity pursuant to Rule 9(b) when that nonfraud securities claim is alleged to be part of a defendant's fraudulent conduct. Second, we reviewed the district court's determination that the plaintiffs had failed to state a claim, but we conclude that the proper disposition requires the plaintiffs to replead their complaint. Applying these determinations to this case, we **VACATE** the orders discussed in this opinion and **REMAND WITH INSTRUCTIONS** to

---

[7] We are cognizant of <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541 (11th Cir. 2002) (<u>en banc</u>). That case recognizes the potential for abuse that follows allowing plaintiffs to appeal dismissed complaints as long as the district court freely permits amendment. <u>Id.</u> at 542–43. Because of the way we resolve this case, we do not have the opportunity to pass on the question of how conditioned amendments would complicate <u>Wagner</u>'s otherwise straightforward rule.

14

order repleading.