[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11551
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01477-RLV

PETER NORWOOD POPHAM,

Plaintiff-Appellant,

versus

THE COBB COUNTY, GEORGIA GOVERNMENT,
LEW ALDER,
Individually and in his official capacity as Warden, Cobb County Prison,
NEIL WARREN,
Individually and in his official capacity as Sheriff,
THE CITY OF KENNESAW, GEORGIA GOVERNMENT,
LEONARD CHURCH,
Individually and in his official capacity as Mayor, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 11, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Peter Popham appeals the district court's order dismissing without prejudice his *pro se* civil rights complaint, filed pursuant to 42 U.S.C. §§ 1983 and 1985. Popham argues that the district court abused its discretion in dismissing his complaint based on his failure to comply with court orders to amend his complaint, because his original complaint complied with the Federal Rules of Civil Procedure. For the reasons set forth below, we affirm.

## I.

Popham filed a 145-page *pro se* complaint against Cobb County, Georgia; Cobb County Prison Warden Lew Alder; Cobb County Sheriff Neil Warren; Cobb County Superior Court Clerks Jay Stephenson and Steve Fox, ("Cobb County defendants"); The City of Kennesaw; Kennesaw Mayor Leonard Church; Kennesaw Mayor *Pro Term* Mark Mathews; attorneys Fred Bentley, Jr., Nancy Ingram Jordan, and Coleen Hosak, ("Kennesaw defendants"); Cobb County

2

Superior Court Judges Watson White, Mary Staley, and Conley Ingram; Cobb County Juvenile Court Judge Juanita Stedman; Georgia Attorney General Thurbert Baker ("State of Georgia defendants"); and attorney Kevin Moore. Popham alleged that the state courts "ignored the facts and merits" of prior election-contest and zoning appeal cases he had filed in Cobb County Superior Court. He also asserted that the defendants acted without jurisdiction and in violation of their oaths by manipulating the legal system in a manner that deprived him of his civil liberties and prevented access to the courts. Popham's complaint set forth 11 counts. Each count stated that "[p]laintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of his complaint as if fully set forth here."

The State of Georgia, Cobb County, and Kennesaw defendants filed motions for a more definite statement, asserting that Popham's complaint was a "shotgun" complaint, because it incorporated by reference all facts alleged in the preceding counts. They asserted that it was impossible to determine which facts pertained to which claim or defendant, and that they could not reasonably respond to Popham's vague and ambiguous claims. The State of Georgia defendants also asserted that Popham's 144-page complaint did not comply with Fed.R.Civ.P. 8's requirement that the complaint contain a short and plain statement of the claim.

3

Popham responded that his complaint satisfied the requirements of Fed.R.Civ.P. 8, as well as Fed.R.Civ.P. 9(b)'s heightened pleading requirement.

On August 5, 2009, the district court found that Popham's complaint was "a quintessential shotgun pleading," because it "contain[ed] several counts, each one incorporating by reference the allegations of its predecessors." The court granted the defendants' motions for a more definite statement and ordered Popham to "restate his [c]omplaint so as to set forth a short and plain statement of each claim showing that he is entitled to relief." The court instructed Popham to "clearly specify: (1) which cause or causes of action are asserted against each Defendant; (2) what factual allegations form the basis of each claim against each Defendant; and (3) each legal theory upon which he asserts liability against each Defendant." It ordered Popham to file his restated complaint "no later than August 25, 2009."

On August 31, 2009, the district court noted that Popham had failed to respond to or comply with its order to file a restated complaint. It ordered Popham to show cause, within ten days, why his complaint should not be dismissed with prejudice for want of prosecution.

On September 8, 2009, Popham filed a response, stating that he had not learned of the court's August 5, 2009 order to file a restated complaint until September 3, 2009, when he received the order to show cause. He requested oral

4

argument so that the court could "further identify the parts of his . . . [c]omplaint . . . that should be restated."

On January 25, 2010, Popham's case was reassigned to a different district court judge. Three days later, the district court ordered Popham to file an amended complaint no later than February 12, 2010. The order provided that "[i]f the plaintiff has not filed and served an amended complaint on or before that date as this court has directed him to do, this matter will be DISMISSED without further warning from this court."

On February 8, 2010, Popham filed a Rule 60(b) motion for reconsideration of the court's order to file an amended complaint. Popham asserted that his original complaint complied with Rules 8(a)(2) and 9(b). He contended that the Federal Rules of Civil Procedure required the defendants to answer his complaint before moving to strike redundant allegations or moving to dismiss the complaint. Popham requested oral argument so that the court could identify the specific sections of his complaint that should be restated.

The defendants responded that Popham's Rule 60(b) motion simply reargued points the court had already deemed unpersuasive and failed to identify extraordinary circumstances that would entitle him to relief.

The State of Georgia defendants filed a motion to dismiss for failure to prosecute and failure to obey court orders. They noted that Popham had repeatedly failed to comply with the court's orders to file an amended complaint.

On March 8, 2010, the district court issued an order, noting that it had found Popham's original complaint to be an insufficient shotgun pleading, and that it had given Popham several opportunities over a six-month period to re-file his complaint, but Popham had failed to do so. The court determined that, although Popham was proceeding *pro se*, it could not permit him to repeatedly ignore clear directives and orders. It stated that it had reviewed Popham's motion for reconsideration and determined that Popham failed to raise any legal or factual issues warranting an order setting aside the court's orders to file an amended complaint. The court denied Popham's motion for reconsideration and his request for oral argument. It dismissed Popham's complaint without prejudice, based on Popham's continued failure to comply with court orders to amend his complaint.

## II.

Under Fed.R.Civ.P. 41(b), "[i]f the plaintiff fails to . . . comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). We review a Rule 41(b) dismissal without prejudice for abuse of discretion. *Gratton v. Great Am.*

6

*Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 60(b)(6) provides that the court may relieve a party "from a final judgment, order, or proceeding" for "any . . . reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The district court's denial of relief under Fed.R.Civ.P. 60(b) is also reviewed for an abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). "Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to

7

support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

**III.**

The district court did not abuse its discretion in dismissing Popham's complaint without prejudice, because Popham failed to comply with the court's order to amend his complaint. Popham first was ordered to amend his complaint on August 5, 2009. Although Popham asserted that he was not served with this order, he became aware of the order on September 3, 2009, when he received the court's order to show cause. Thus, by September 2009, Popham knew that he had been ordered to amend his complaint so that it complied with Fed.R.Civ.P. 8. On January 28, 2010, the court again ordered Popham to amend his complaint. The court clearly stated that, if Popham failed to file and serve an amended complaint on or before February 12, 2010, the case would be "DISMISSED without further warning from this court." Popham failed to file an amended complaint on or before February 12, 2010, and, therefore, failed to comply with the court's order. Because Popham had been instructed on two occasions to amend his complaint and was clearly warned that his complaint would be dismissed if he failed to amend it on or before February 12, 2010, the district court did not abuse its

discretion by dismissing Popham's complaint without prejudice. *See Moon*, 863 F.2d at 837.

The district court also did not err in denying Popham's Rule 60(b) motion for reconsideration of its order to file an amended complaint, because Popham failed to show "extraordinary circumstances" justifying relief. *See Frederick*, 205 F.3d at 1288. In his motion for reconsideration, Popham merely reiterated that his complaint complied with Fed.R.Civ.P. 8 and 9. However, his complaint was a typical shotgun pleading, as each count incorporated by reference all previously-stated facts. *See Wagner*, 464 F.3d at 1279. The 145-page complaint also failed to comply with Fed.R.Civ.P. 8's requirement that the complaint contain a short and plain statement of the claims. *See* Fed.R.Civ.P. 8(a)(2). Because Popham's complaint failed to comply with the Federal Rules of Civil Procedure, the district court correctly ordered him to amend his complaint. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (providing that, although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel"). Accordingly, because the district court did not abuse its discretion by dismissing Popham's complaint

without prejudice or denying Popham's motion for reconsideration, we affirm the dismissal of Popham's complaint.

**AFFIRMED.**