[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15440
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00592-MW

KALIM A.R. MUHAMMAD,
on behalf of the family of Kalim A.R. Muhammad
and the private family contract between Kalim and
Brenda Bethel Muhammad,

Plaintiff-Appellant,

versus

BRENDA L. BETHEL MUHAMMAD,
LA JENNA HATCHER,
WILLIAM H. STEELE,
ROBERT ARMSTRONG,
NANCY BUCKNER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 27, 2016)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Kalim A.R. Muhammad, proceeding pro se, appeals the district court's dismissal without prejudice of his complaint for failure to follow a court order and lack of subject matter jurisdiction.  Muhammad raised claims under 42 U.S.C. § 1983 and various other federal and Alabama state statutes.  On appeal, Muhammad argues that federal jurisdiction exists and that the district court was biased against him, which denied him a fair trial.  After careful review, we affirm.

I.

We review for abuse of discretion a district court's dismissal of an action under Federal Rule of Civil Procedure 41.  Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).  A district court may sua sponte dismiss an action under Rule 41(b) for failure to comply with a court order.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Id.  However, a district court must grant a pro se plaintiff at least one opportunity to amend his complaint before dismissal if "it appears a more carefully drafted complaint might state a claim upon which relief can be granted."  Silva v. Bieluch, 351 F.3d 1045, 1048–49 (11th Cir. 2003).  Additionally, where the statute of limitations will bar future litigation of an action

2

dismissed without prejudice, we review the dismissal as if it was with prejudice. Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. Unit B 1981) (per curiam).[1]  "[F]ailure to comply with an order of the court is grounds for dismissal with prejudice."  Slack v. McDaniel, 529 U.S 473, 489, 120 S. Ct. 1595, 1606 (2000).

Although we give liberal construction to the pleadings of pro se litigants, "we nevertheless have required them to conform to procedural rules."  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though there is no required technical form, "[e]ach allegation must be simple, concise, and direct."  Id. at 8(d)(1).  The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quotation omitted) (ellipses in original).  Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

---

[1] Under Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court is bound by cases decided by the former Fifth Circuit before October 1, 1981.

A complaint that fails to follow Rules 8 and 10 may be classified as a shotgun pleading.  A shotgun pleading "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."  Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006).  As a result, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).  The proper remedy for a shotgun pleading is for the court to order repleading for a more definite statement of the claim. Wagner, 464 F.3d at 1280.

The district court did not abuse its discretion in its Rule 41 dismissal of Muhammad's complaint.  Even construed liberally, Muhammad's complaint fails to meet the pleading standard set by Rule 8.  It is a 31-page mixture of allegations and legalese with no substantial facts to establish grounds for his claims. Muhammad's complaint appears to concern a custody contract regarding his daughter between him and her mother, but Muhammad failed to plead any factual details about that agreement.  Muhammad was ordered twice to amend his complaint.  Both times, he was given detailed instructions that highlighted the ways in which his complaint was deficient.  The magistrate judge also gave Muhammad a final chance to address the deficiencies in his complaint by issuing a

4

show-cause order.  Because Muhammad's complaint is a classic example of a shotgun pleading, the district court did not err in dismissing it.

As Muhammad failed to plead detailed facts about the agreement in question, it is unclear if the district court's dismissal will bar future litigation due to the expiration of the statute of limitations.  However, even if we needed to review this dismissal as a dismissal with prejudice, the district court did not abuse its discretion because "failure to comply with an order of the court is grounds for dismissal with prejudice."  Slack, 529 U.S at 489, 120 S. Ct. at 1606.

## II.

We review de novo dismissals for lack of subject matter jurisdiction. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).  The lack of jurisdiction may be raised by a federal court on its own initiative at any stage of litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 1240 (2006).  "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

For a federal court to have diversity jurisdiction, the action must be between citizens of different states and the amount in controversy must exceed $75,000.  28

5

U.S.C. § 1332(a).  To establish federal question jurisdiction, a "plaintiff's well-pleaded complaint [must] raise[] issues of federal law."  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987); see also 28 U.S.C. § 1331. "A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quotation omitted).

The district court did not err by finding that it lacked subject matter jurisdiction.  On this record, it is clear that diversity jurisdiction is lacking because Muhammad and several of the defendants are citizens of the same state. Furthermore, due to the deficiencies in Muhammad's complaint, federal question jurisdiction is also lacking.  Although Muhammad mentioned a number of federal-law claims, his complaint is not "well-pleaded" because he failed to assert adequate facts on which to base his claims.  See Metro. Life Ins. Co., 481 U.S. at 63, 107 S. Ct. at 1546.  Muhammad failed to meet his burden of showing that the district court had subject matter jurisdiction, and therefore the district court correctly dismissed the action.

**AFFIRMED.**