[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13356

Non-Argument Calendar

_____

ROGER HALSTEAD,

Plaintiff-Appellant,

*versus*

FIDEL ESPINOZA,
in his individual capacity, & official capacity
as a Lieutenant for The City of Dunwoody Police Dept ,
BILLY GROGAN,
in his individual capacity, & official capacity
as Chief of City of Dunwoody Police Department,
OLIVER FLADRICH,
in his individual capacity, & official capacity
as an Officer of The City of Dunwoody Police Department,
THE CITY OF DUNWOODY,

Under color of State Law,
LYNN DEUTSCH,
in her individual capacity & official capacity
as Mayor of The City of Dunwoody, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03474-SCJ

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Roger Halstead appeals the district court's order dismissing his amended complaint with prejudice and denying his motion for leave to file a second amended complaint. The district court dismissed the amended complaint, which alleged a litany of claims stemming from Halstead's employment as a police officer in the City of Dunwoody, as a shotgun pleading. And the court denied Halstead's motion to amend because the proposed second amended complaint, rather than curing the pleading deficiencies, exacerbated them. On appeal, Halstead makes three arguments. First, he contends that because his original complaint complied

with Georgia's state-court pleading requirements, dismissal was improper. Second, he argues that the district court should have granted his motion for leave to amend or, at a minimum, dismissed the complaint without prejudice. Third, he contends that the district court erred by dismissing the case after it learned of an open Equal Employment Opportunity Commission investigation. However, Halstead has abandoned all relevant issues and, regardless, his arguments lack merit. Accordingly, we affirm.

## I.

We review the district court's dismissal of a complaint as a "shotgun" pleading for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief . . . ." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

On appeal, Halstead abandons any challenge to the district court's dismissal of the amended complaint because he does not challenge the substance of the district court's determination that the amended complaint was a shotgun pleading. He argues only

that his original complaint, which was not the operative complaint, complied with Georgia state-law pleading requirements. An appellant abandons an issue by failing to sufficiently argue the merits of the issue. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318-19 (11th Cir. 2012), *overruled in part by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015). Accordingly, Halstead abandons any challenge to the district court's dismissal because he does not argue that the operative complaint was not a shotgun pleading.

In any event, the district court did not abuse its discretion by dismissing the amended complaint as a shotgun pleading. For starters, both Halstead's complaints are quintessential shotgun pleadings because they "contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund*, 305 F.3d at 1295. Even more, the district court told Halstead how to cure his defective complaint, but Halstead failed to comply. Finally, Halstead's argument that his original complaint complied with state-law pleading requirements has no bearing on the propriety of the district court's dismissal. Accordingly, the district court did not abuse its discretion by dismissing the amended complaint as a shotgun pleading.

## II.

We also review the denial of a motion to amend a complaint for abuse of discretion. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). Under Federal Rule of Civil Procedure 15(a)(2), courts should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts must give a litigant at least one chance to remedy any pleading deficiencies before dismissing a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix them, dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with the same defects. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358-59 (11th Cir. 2018). It is futile to grant leave to amend once again "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020).

Halstead abandons any challenge to the district court's denial of his motion for leave to further amend his complaint and the prejudicial effect of the dismissal. On appeal, he does not address the district court's determination that it would be futile to grant leave to amend. Instead, Halstead limits his argument to providing examples of cases in which district courts allowed plaintiffs to

amend their complaints multiple times. Halstead's failure to specifically explain why the district court abused its discretion in this case is fatal to his appeal of that issue.

Moreover, the district court acted within its discretion by dismissing with prejudice rather than allowing leave to amend. The court permitted Halstead to amend his complaint and provided explicit instructions on how to correct the pleading deficiencies. The court also denied Halstead's motion only after determining that the proposed second amended complaint would not cure the pleading deficiencies. Accordingly, dismissing the action with prejudice and denying Halstead's motion to amend was not error. See *L.S. ex rel. Hernandez*, 982 F.3d at 1332.

## III.

Finally, Halstead argues that the district court erred by dismissing his complaint despite the existence of a pending EEOC investigation. The pending EEOC investigation is irrelevant to our consideration of whether dismissal was proper and whether the district court erred by denying Halstead's motion to amend. Our precedents do not preclude a district court from dismissing a deficient complaint because of a pending EEOC investigation, and Halstead makes no argument otherwise.

## IV.

Accordingly, the district court is **AFFIRMED.**