[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10550

Non-Argument Calendar

_____

LARAEL-KARRIS OWENS,

                                                        Plaintiff-Appellant,

K. L. O.
a minor child,
L. Z. O.
a minor child,

                                                        Plaintiffs,

*versus*

FLORIDA DEPARTMENT OF REVENUE,
FLORIDA ATTORNEY GENERAL,
in her official capacity,

                                                        Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00510-MMH-MCR

———————————

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Larael-Karris Owens, proceeding *pro se*, appeals the district court's dismissal with prejudice of his second amended complaint. The district court dismissed the complaint *sua sponte* as an impermissible shotgun pleading, in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b), after Mr. Owens failed to remedy the pleading deficiencies identified by the district court on two separate occasions. After review, we affirm.

I

We review the dismissal of a shotgun pleading for failure to comply with Rules 8(a)(2) and 10(b) for abuse of discretion. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Although we construe *pro se* complaints more liberally than complaints drafted by attorneys, we nevertheless require that *pro se* litigants comply with the same governing rules and procedures as litigants represented by attorneys. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

22-10550              Opinion of the Court              3

As relevant here, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that the claims therein be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).   A shotgun pleading typically violates at least one of these two rules and as a result, fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

We have identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that does "not separate[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id. at* 1321–23.

Where a complaint falls under any one or more of these four categories, we generally require that the district court allow the litigant at least one chance to remedy the deficiencies. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). Here, Mr. Owens was given two opportunities.

## II

In May of 2021, Mr. Owens filed a civil action on behalf of himself and his two minor children against the Florida Department of Revenue and Attorney General Ashley Moody in her official capacity. In his complaint, Mr. Owens appeared to challenge certain child support enforcement and wage garnishment laws, while requesting that he be given full custody of his children and that his family be removed from the Social Security Program. Mr. Owens' complaint was far from clear, spanning 24 pages of unnumbered, lengthy paragraphs and 43 pages of exhibits not addressed in the complaint.

Mr. Owens sought leave to proceed *in forma pauperis*. A magistrate judge reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and determined, in relevant part, that it failed to comply with Rules 8 and 10. Finding the complaint to be "a rambling discourse [of] legal articles, cases, statutes, and texts" that included "voluminous exhibits with no reasonable explanation as to their relevancy," the magistrate judge instructed Mr. Owens to file an amended complaint in accordance with the Federal Rules. *See* D.E. 3 at 5. In doing so, the magistrate judge highlighted the requirements that the complaint contain "a short and plain statement" of the claims being raised and that each paragraph be numbered and "limited as far as practicable to a single set of circumstances." *See id.* at 7–8 (citing Fed. R. Civ. P. 8(a)(2) & 10(b)). The magistrate judge further noted that Mr. Owens failed to raise any allegations that specifically implicated the defendants in the case

and instructed Mr. Owens to "state the constitutional or federal law that each defendant violated" in his amended complaint. *See id.*

Mr. Owens filed an amended complaint in July of 2021. But like the original complaint, the amended complaint failed to separate each claim or cause of action into different counts and failed to state the claims in an intelligible manner.

In its dismissal order, the district court described the amended complaint as "a confusing combination of facts, legal analysis, and bare accusations" that failed to give the defendants adequate notice of the claims against them. *See* D.E. 20 at 5. The district court further explained that this manner of pleading failed to comply with Rules 8 and 10 and the requirements outlined in the magistrate judge's order. *See id.* Accordingly, the district court struck the amended complaint but allowed Mr. Owens another opportunity to draft a proper complaint.

The instruction to Mr. Owens was the same: he needed to "separate each claim into distinct counts" and "utilize separate paragraphs, with simple, concise, and direct allegations." *See id.* at 5. The district court also warned Mr. Owens that failure to comply with the rules of procedure and its order could result in a *sua sponte* dismissal of his action.

In December of 2021, Mr. Owens filed a second amended complaint. Upon review, the district court concluded that Mr. Owens failed to correct any of the previously identified deficiencies and noted that the pleading issues had instead, only worsened.

After three failed attempts to draft a complaint in conformance with Rules 8(a)(2) and 10(b), the district court *sua sponte* dismissed Mr. Owens' second amended complaint with prejudice. Mr. Owens now appeals.

### III

Mr. Owens argues that the district court erred in dismissing his second amended complaint because he added two labels, gave extensive details, and attached numerous exhibits. But even generously construed, the second amended complaint remains a quintessential shotgun pleading.

The second amended complaint is difficult to comprehend. It consists of 20 pages of long strings of conclusory sentences and lengthy, unnumbered paragraphs that fail to show any connection to a particular claim or cause of action. The second amended complaint also includes 65 pages of exhibits with no explanation as to their relevance.

Although Mr. Owens added the labels "Count 1" and "Count 2" in an apparent attempt to comply with the district court's directives, they are of little to no help. As the district court noted, because Mr. Owens repeats the same two labels throughout the second amended complaint, the labels fail to "actually designate any distinct claim or claims." *See* D.E. 28 at 3 (citing D.E. 24 at 2, 6, 7, 15, 19).

Additionally, the information Mr. Owens includes under the labels fails to shed any light on the claims he attempts to raise.

Throughout the second amended complaint, Mr. Owens mainly provides a regurgitation of case law and statutes, with only a few discernable facts with no clear nexus to an identifiable claim or cause of action. The added labels thus fail to serve their intended purpose. That is, the defendants are still left with the arduous task of deciphering Mr. Owens' claims and the extent to which they are allegedly responsible for them with no real guidance from the plaintiff himself.

We conclude, therefore, that the district court did not abuse its discretion in dismissing Mr. Owens' second amended complaint with prejudice. Mr. Owens was given fair notice of the specific defects in his complaint and a meaningful opportunity to fix them on two separate occasions. Other than the addition of the labels "Count 1" and "Count 2"—which fail to provide any clarity on the claims Mr. Owens raises—the second amended complaint remains substantially the same as before. A dismissal with prejudice was thus well within the district court's discretion and therefore, not erroneous. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (concluding that if the plaintiff is given the chance but fails to remedy the defects of his previous complaint, "the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds").

## IV

We affirm the district court's order dismissing Mr. Owens' second amended complaint with prejudice.

**AFFIRMED.**