[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13155

Non-Argument Calendar

_____

STEPHEN LYNCH MURRAY,

Plaintiff-Appellant,

*versus*

PHIL ARCHER,
a natural person,
CHRIS SPROWLS,
a natural person,
OKEECHOBEE COUNTY SHERIFF'S OFFICE,
an entity,
GOVERNOR, STATE OF FLORIDA,
PINELLAS COUNTY SHERIFF'S OFFICE,
an entity,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14355-JEM

———————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Stephen Lynch Murray, proceeding pro se, appeals the district court's order dismissing his complaint as an impermissible "shotgun" pleading. The district court permitted Murray to remedy the complaint's deficiencies in an amended complaint, but Murray filed this appeal instead. After careful review, we affirm.

**I.**

Murray filed a pro se complaint against several Florida state officials and two Sheriff's Offices. The complaint spans 74 pages, including 180 numbered paragraphs and 11 exhibits. It did not cite any law or allege any separate claims against defendants. All defendants moved to dismiss. A magistrate judge recommended the court dismiss the complaint as a shotgun pleading, and the district court adopted the recommendation in full.

The complaint begins by telling the story of Murray's acquaintance, who was convicted for the murder of a strip club

manager in 2016. Murray alleges that State Attorney Phil Archer and his employees committed perjury and tampered with evidence to secure the conviction. Murray then sent "thousands of emails" about the case and other general grievances to Archer, every Republican candidate for public office listed on Florida's Department of State website, and a handful of congresspeople in D.C. He created the website cops2prison.org, a YouTube channel, and other social media accounts to "make a permanent home for these policy observations and arguments."

In early January, while viewing Florida Speaker Chris Sprowls's Twitter feed, he found Speaker Sprowls' wife's account and a picture of Sprowls's wife with former President Donald Trump on Air Force One. Murray, who "thought it was vain," tweeted the picture of Sprowls' wife with Bible verses about vanity. Murray admits he then emailed the picture of Speaker Sprowls's wife to State Attorney Archer with the message: "omg, is pimping legal in Florida? Because I am going to make this bitch my whore." Later that month, Murray drove to Pinellas County—the county where Speaker Sprowls and his wife live—as he alleges, to pass out flyers at Stetson University College of Law "to educate law students" and "drive traffic to his website." A warrant was issued for Murray's arrest based on his threat about Speaker Sprowls's wife, a list of other threatening emails and Twitter posts, and his travel to the Sprowls's county of residence. Murray was then arrested for cyberstalking, which he alleges was a wrongful arrest in retaliation for his online activity.

Seven months later, Murray submitted a complaint to the Florida Inspector General that State Attorney Archer and Speaker Sprowls were sending sheriffs to harass him. The next day, Murray alleges officers confronted him at a gas station as ordered by Governor Ron DeSantis. A week later, Murray was stopped for speeding and subjected to a sobriety test. Murray believes both stops occurred in retaliation for his exercise of free speech in emails, his website, and various social media platforms. The complaint seeks $2 million for the deprivation of his right "to have unabridged speech and publish and address grievances" and for his loss of productivity and peace of mind.

## II.

We review the dismissal of a shotgun pleading for failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) for abuse of discretion. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Although we construe pro se complaints liberally, we nevertheless require that pro se litigants adhere to the same governing rules and procedures as litigants represented by attorneys. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that such claims are "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). A shotgun pleading

"violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

We have identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321−23. The unifying trait among the categories is that each complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Murray's complaint commits at least three of the fatal pitfalls of shotgun pleadings.

First, Murray's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," because it was written in sprawling, narrative form in which his political musings and opinions were intermingled with accusations against the defendants, making it difficult to follow. *Weiland*, 792 F.3d at 1321−23. For example, five pages of

the complaint tell the story of Murray's acquaintance convicted of murder under the heading "Pimping in Florida."

Second, Murray did not separate each cause of action into separate counts. In fact, Murray did not cite any law or allege any separate claims against defendants. Instead, the complaint is broken into the headings including the following: "Grievances on Checks And Balances, Compound Jurisdiction, Anarchy, And The Bill Of Rights"; "Cops2Prison.Org"; "Culture, Morals, Equality of Men, And The First Amendment."

Third, any claims that Murray made against the defendants were intermingled with each other and scattered throughout his factual narrative. As the magistrate judge explained, "The allegations are sometimes connected to a particular Defendant or set of Defendants but sometimes not, making it virtually impossible to understand who did what and when."

There is no question Murray's complaint is a shotgun pleading. The district court did not abuse its discretion by dismissing it in violation of Rules 8 and 10.

When a complaint fails as a shotgun pleading, we generally require that the district court allow the litigant at least one chance to remedy its deficiencies. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). The district court did just that: it advised Murray to file an amended complaint within twenty days, cautioning him that "even though he is a pro se litigant, he must follow the Local Rules and Federal Rules of Civil Procedure."

22-13155               Opinion of the Court                    7

Murray declined the opportunity, allowing the twenty days to lapse and filing this appeal instead.

We **AFFIRM**.