[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14963
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cv-00571-BJD-PRL

PRIMO C. NOVERO,

Plaintiff - Appellant,

versus

DUKE ENERGY,
URS ENERGY AND CONSTRUCTION INC.,
CDI CORPORATION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 16, 2018)

Before MARTIN, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this employment action, Plaintiff Primo C. Novero appeals the district court's dismissal of his Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10 and the court's entry of judgment for Defendants Duke Energy, URS Energy and Construction Inc., and CDI Corporation.  After careful review, we affirm.

## I.    BACKGROUND

### A.    Factual Background

Defendant Duke Energy contracted with Defendant URS Energy to conduct seismic hazard walkdowns of nuclear power facilities to verify current plant configurations and the adequacy of safety equipment, and to then submit a report to the Nuclear Regulatory Commission ("NRC").  URS contracted with Defendant CDI Corporation, a professional staffing company, to provide temporary staffing personnel for the project.  CDI hired Plaintiff as a temporary "Seismic Walkdown Engineer."  Plaintiff worked at Duke Energy's Crystal River Nuclear Power Plant from the end of July 2012 through September 28, 2012.  CDI terminated Plaintiff at that time, purportedly because the work was completed.

### B.    Procedural History

Plaintiff, proceeding *pro se*, filed this lawsuit on September 22, 2015, in the United States District Court for the Eastern District of Arkansas.  Plaintiff alleges that he was wrongfully terminated from his employment in retaliation for reporting safety concerns, and resisting Defendants' activities that he believed to be unlawful

2

and not in accordance with NRC procedure.  In particular, the first paragraph of the Complaint asserts that the action is brought for:  (1) wrongful discharge pursuant to 42 U.S.C. § 5851(a)(1) and 29 CFR § 24.102(a); (2) breach of contract and deprivation of economic right pursuant to 42 U.S.C. § 1981(a) and U.S. Constitution, 14th Amendment; (3) retaliatory discharge and blacklisting pursuant to 29 CFR § 24.102(b); (4) discrimination pursuant to 42 USC § 5851(a)(1), and U.S. Constitution, 1st Amendment; (5) abridging freedom of speech and petition of grievance pursuant to U.S. Constitution, 1st Amendment; and (6) deprivation of life, liberty, or property, without due process of law pursuant to the U.S. Constitution, 14th Amendment.  The Complaint follows with more than ten pages of "Factual Bases for Lawsuit" without organizing the claims by separate counts.

After successfully moving to transfer the case to the Middle District of Florida, Defendants jointly moved to dismiss Plaintiff's constitutional claims and requested a jury trial.  The Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion be granted and the constitutional claims be dismissed with prejudice because the Complaint did not allege that Defendants' action constitutes governmental action.  As to the non-constitutional claims, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed in its entirety, but with leave to amend.  The Magistrate Judge explained that, "although not raised by Defendants in their motion, a review of the Complaint shows that it

clearly fails to meet the pleading requirements of Rule 8 and Rule 10 of the Federal

Rules of Civil Procedure." The Magistrate Judge noted the deficiencies in the

Complaint:

> While Plaintiff's factual allegations are detailed, he fails to allege what specific conduct supports the elements of each claim, making it difficult (if not impossible) to determine the factual basis for each claim. Moreover, he has failed to allege how each Defendant is responsible for (or the cause of) each of the alleged statutory violations and constitutional deprivations he asserts. The result is confusion both for the Defendants in trying to frame a responsive pleading, and for the Court in trying to determine the scope of Plaintiff's claims. Neither the Court, nor Defendants, should be required to sift through the factual allegations to determine which allegations are material to each Count.

The Magistrate Judge reminded Plaintiff that "he must comply with all of the

pleading requirements contained in Rules 8, 10, 11 of the Federal Rules of Civil

Procedure" if the district court granted him leave to amend and if he filed an

amended complaint.

On August 2, 2017, the district court adopted the Magistrate Judge's Report

and Recommendation, dismissed Plaintiff's constitutional claims without prejudice

and dismissed the remainder of Plaintiff's claims without prejudice for failure to

comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The court

permitted Plaintiff to file an amended complaint by August 24, 2017. The court

cautioned Plaintiff to adhere to the Local Rules, the Federal Rules of Civil

Procedure, and the Federal Rules of Evidence.  The court also directed Plaintiff to resources helpful to proceeding in court without a lawyer.

Plaintiff failed to meet the deadline for filing an amended complaint.  Four days after the deadline, Plaintiff filed "Plaintiff's Objections to the Order of Judge J. Davis dated August 2, 2017, Item 3; and Filing of Plaintiff's Amended Complaint."  Instead of filing an amended complaint with his objections, Plaintiff submitted a two-page revision of paragraph 1 of the original Complaint that added Defendants' names and a brief description to the listed claims.

The district court treated Plaintiff's objections as a motion for reconsideration of the August 2, 2017, order dismissing Plaintiff's Complaint without prejudice.  The court denied Plaintiff's motion because Plaintiff failed to offer new evidence, the controlling law had not changed, and no reason existed to justify the relief requested.  The court also dismissed the "Amended Complaint" with prejudice, explaining that it was untimely and failed to remedy the deficiencies previously noted in the court's August 2, 2017, order.

Plaintiff sought relief from the district court's order dismissing his case with prejudice.  Plaintiff offered several excuses and arguments:  (1) he "made an honest mistake by his erroneous belief that he was one day early" when he mailed the Amended Complaint on August 23, 2017; (2) the filing date order was "vague" for failure to define what constitutes filing; (3) the court punished his "first-time

5

misconduct" as a "'crime' because of harsh 'jail time' and lost [sic] of his liberty;" (4) the Amended Complaint "was dismissed quickly by Judge Davis and was not considered at all;" and (5) dismissal violated due process.  Plaintiff reaffirmed his previously claimed status as "Sovereign Man of Standing" and further "declared[ed] that he does not give consent to any judges, agents, or persons by any ways or means, or by acquiescence relinquishing his natural rights as guaranteed by the US Constitution."

The court treated Plaintiff's request for relief from the dismissal order as a motion for reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  The court found:

> Even upon a generous construction of Plaintiff's Request for Relief (Doc. 58), he has presented no reasonable grounds warranting relief. Plaintiff explains why his Amended Complaint was untimely but does not present a mistake, newly discovered evidence, or fraud by an opposing party to warrant the Court's reconsideration.  Plaintiff has also failed to demonstrate circumstances sufficiently extraordinary to warrant relief and there has been no change of the facts, nor a change in the law since the Court's August 30, 2017 Order (Doc. 55).  Thus, Plaintiff's Request for Relief (Doc. 58) is due to be denied.

The court also overruled Plaintiff's objection to the entry of judgment, noting that "[t]he Court's August 2, 2017 Order became final when Plaintiff failed to timely file an amended complaint and failed to remedy the deficiencies noted by the Court."

6

Plaintiff filed a Notice of Appeal "against Judge Brian J. Davis', United States District Judge, Orders and Final Judgment dated October 24, 2017." Plaintiff makes three arguments on appeal. First, Plaintiff argues that the Magistrate Judge exceeded his authority in recommending that Plaintiff's Complaint be dismissed with leave to amend when Defendants did not raise the issue. Second, Plaintiff argues that the district court "erred in not finding a single claim among numerous events and material facts presented by Plaintiff in his original Complaint (Doc. 1)." Finally, Plaintiff argues that the district court exceeded its jurisdiction in enforcing local rules and procedures in contravention of the Constitution and his status as a "Sovereign Man."

## II.    DISCUSSION

As an initial matter, we consider what issues Plaintiff preserved on appeal while proceeding *pro se*. Defendant contends that Plaintiff's appeal brief does not comply with Rule 28 of the Federal Rules of Appellate Procedure or Eleventh Circuit Rule 28-1 (a–n).

Plaintiff's brief is deficient in several respects. In particular, it does not include an argument section or citation to legal authority, as required by Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure. Specifically, that rule requires the argument section of an appellant's brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of

the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 (11th Cir. 2003). Failure to comply with the requirements of Rule 28(a)(8)(A) may result in waiver or abandonment of issues on appeal. *Mendoza*, 327 F.3d at 1286, citing *Flanigan's Enters., Inc. of Ga. v. Fulton Cty.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001), *cert. denied*, 536 U.S. 904, 122 S.Ct. 2356, 153 L.Ed.2d 178 (2002). "However, this requirement is not jurisdictional, but one of prudential constraint." *Id.* Although Plaintiff's brief does not contain an argument section with citations to legal authority, he does specify the underlying facts upon which his arguments are based and includes cites to the record. Moreover, his "Summary of the Arguments" adequately identifies the legal theories upon which he seeks relief, at least in some instances. Accordingly, we exercise our discretion to consider his brief. *Id.* We will not, however, consider Plaintiff's arguments contained only in district court filings or other documents cited by Plaintiff as having "similar / additional arguments, not repeated herein," or otherwise purportedly incorporated by reference. *United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015) (rejecting appellant's attempt to "adopt[] the same arguments" made below without explaining which ones may have merit and where the district judge may have erred); *see Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) (The "request that we ferret out and review any and all arguments it made below—without explaining

8

which ones may have merit and where the district judge may have erred—clearly runs afoul of various Federal Rules of Appellate Procedure.").

Liberally construing Plaintiff's appeal brief, we see two issues ripe for review:  (1) whether the district court erred in dismissing Plaintiff's original complaint *sua sponte* for failure to comply with Federal Rules of Civil Procedure 8 and 10 and (2) whether the district court erred in dismissing with prejudice Plaintiff's "Amended Complaint" as untimely and still deficient.[1]

## A.    Standard of Review

We review each of the dismissals for abuse of discretion.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("We review for abuse of discretion a district court's dismissal for failure to comply with the rules of court.").  Under the abuse of discretion standard, we must "affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  *United States v. Frazier*, 387 F.3d 1244, 1259

---

[1]  Plaintiff briefly mentions that the Magistrate Judge's interpretation of the First and Fourteenth Amendments "is prejudicial to Plaintiff because he suggests that Plaintiff has no constitutional rights against the Defendants."  But, without any argument or citation of authority to support this assertion, Plaintiff's passing reference to the Magistrate Judge's rejection of his constitutional claims is insufficient to preserve the issue on appeal.  *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1254 n.3 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 557, 199 L. Ed. 2d 446 (2017).  In any event, on *de novo* review, we find the general objections Plaintiff made to this holding below unpersuasive.

(11th Cir. 2004) (en banc) (collecting cases discussing the abuse of discretion standard).

> **B.      The District Court Did Not Abuse Its Discretion in Dismissing Plaintiff's Original Complaint *Sua Sponte* While Granting Leave to Amend**

The district court possessed inherent authority to dismiss Plaintiff's original complaint *sua sponte* for failure to comply with Federal Rules of Civil Procedure 8 and 10.  "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), citing *Weiland*, 792 F.3d at 1320.  "This is so even when the other party does not move to strike the pleading."  *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

The district court did not abuse its discretion in exercising its authority to dismiss Plaintiff's original complaint.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320.

Plaintiff's original complaint is a shotgun pleading. It includes a laundry list of accused violations in paragraph 1 followed by a recitation of the "Factual Bases for Lawsuit" unconnected to any of the potential violations previously listed. As noted by the Magistrate Judge, Plaintiff "failed to allege what specific conduct supports the elements of each claim" and "failed to allege how each Defendant is responsible for (or the cause of) each of the alleged statutory violations and constitutional deprivations he asserts." *Id.* at 1325 n.17 ("one type of shotgun pleading fails to identify the defendant or defendants against whom each claim is brought"), citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes a shotgun pleading); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts").

That Plaintiff's *pro se* complaint is to be "liberally construed" and "held to less stringent standards" than complaints drafted by lawyers does not compel a different result. *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir.

11

2017).  "[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).  "Given the district court's proper conclusions that . . . plaintiff[] failed to connect [his] causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

## C.    The District Court Did Not Abuse Its Discretion in Dismissing Plaintiff's Claims with Prejudice Following Plaintiff's Belated Submission of an "Amended Complaint"

"[I]n these circumstances a court may dismiss a case with prejudice based on two possible sources of authority:  Rule 41(b), or the court's inherent power to manage its docket."  *Betty K Agencies*, 432 F.3d at 1337.  We recently addressed the court's inherent authority to dismiss a shotgun pleading and, after reviewing our authority on the matter, held that "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."  *Vibe Micro*, 878 F.3d at 1296; *Jackson*, 898 F.3d at 1358.  Here, the district court afforded Plaintiff an opportunity to replead before dismissing his case with prejudice.  But *Vibe* did not decide or intimate anything about a party proceeding *pro se*.  *Vibe Micro*, 878 F.3d

12

at 1296 n.6. We have previously held that "a dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (quotation marks omitted).

In this case, the district court identified two reasons for the dismissal: (1) Plaintiff failed to timely file an amended complaint and (2) Plaintiff's belated submission of a revised paragraph 1 did not remedy the deficiencies previously noted in the court's August 2, 2017, order. The district court did not make an express finding that Plaintiff engaged in a clear pattern of delay or willful contempt or that a lesser sanction would not suffice. Nevertheless, we have said that courts may make "an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). We have also observed that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1338. Thus, we have repeatedly upheld dismissals with prejudice in cases brought by *pro se* plaintiffs based on a district court's implicit findings of a plaintiff's willful contempt or that "lesser sanctions would not suffice." *See, e.g., Gratton*, 178 F.3d at 1374–75 (upholding dismissal based

13

upon an implicit finding that no lesser sanction would suffice where the *pro se* plaintiff "bore substantial responsibility for the delays, by his spoliation of evidence and misidentification of a witness, among other things"); *Moon v. Newsome*, 863 F.2d 835, 839 (11th Cir. 1989) ("The record supports what is implicit in the district court's decision to dismiss this case—that Moon had been repeatedly and stubbornly defiant.").  Indeed, while *pro se* complaints must be liberally construed, those complaints still must comply with the procedural rules governing the proper form of pleadings.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" (internal citations omitted)); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon*, 863 F.2d at 837 (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Applying these principles, we conclude that the district court did not abuse its discretion in dismissing Plaintiff's claims with prejudice.  As an initial matter, Plaintiff abandoned on appeal arguments made below seeking to have his

14

"Amended Complaint" considered timely.[2]  Rather than rely on his "Amended Complaint," Plaintiff argues that "the original Complaint is still valid and adequate."  However, as explained above, Plaintiff's original Complaint is deficient.

Moreover, the district court correctly concluded that Plaintiff's belated "Amended Complaint" is also deficient.  Plaintiff's late-filed "Amended Complaint" is nothing of the sort.  Plaintiff filed only a revision to paragraph 1.  Plaintiff did not submit an amended complaint.  *See* Local Rule 4.01(a) of the Middle District of Florida ("Unless otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein.").

Even if we were to consider Plaintiff's new paragraph 1 along with the remainder of the original complaint as an integrated amended complaint that was properly filed, Plaintiff's revisions do not cure all of the deficiencies noted by the district court.  In particular, the "Amended Complaint" still contains a laundry list of claims followed by a bulk recitation of facts unconnected to the individual claims.

---

[2]  On appeal, Plaintiff raises for the first time arguments concerning "Equality & Impartiality" based on his lack of access to the district court's electronic filing system.  We need not consider those new arguments on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon*, 863 F.2d at 837. Here, the district court identified the defects in Plaintiff's original complaint, noted the provisions of the Federal Rules of Civil Procedure that were violated, once again directed Plaintiff to resources that would be helpful in drafting a compliant pleading and litigating *pro se*, and granted Plaintiff leave to amend the original complaint. But Plaintiff failed to replead within the time allotted, failed to even submit an amended complaint, and failed to cure the noted deficiencies with his belated submission of a revised paragraph 1. Given Plaintiff's timeliness issues, his repeated failures to comply with the Federal Rules of Civil Procedure,[3] and this Court's "voluminous precedent decrying shotgun pleadings," *Jackson*, 898 F.3d at 1359 n.13, the district court acted within its discretion to implicitly find that no lesser remedy would suffice and dismiss Plaintiff's claims with prejudice.

---

[3] Our review of the record reflects that the district court exhibited remarkable patience for Plaintiff's procedural failures beyond those discussed above. For instance, Plaintiff failed to respond to Defendants' Joint Motion to Dismiss Plaintiff's Constitutional Claims and Request for Jury Trial, filed on October 31, 2016. The court notified Plaintiff of the failure, directed him to the appropriate authority, provided him a link to access litigation materials helpful to *pro se* litigants, and gave him 40 additional days to respond. The court likewise repeatedly construed Plaintiff's unconventional submissions in a manner to ensure consideration of Plaintiff's arguments.

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court.