[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11820

Non-Argument Calendar

_____

MICHAEL ROBERT GRANT,

Plaintiff-Appellant,

*versus*

SHERIFF OF OKEECHOBEE COUNTY,
JOHN DOE 1,
CHIEF JUDGE, NINETEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA,
JOHN DOE 2,
Bailiff,

Defendants-Appellees,

OKEECHOBEE COUNTY, FLORIDA, et al.,

2                    Opinion of the Court                    22-11820

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14294-AMC

_____

Before LAGOA, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Michael Grant, proceeding *pro se*, appeals the district court's order dismissing his second amended complaint with prejudice as to his claims against Florida state court Judge Charles Schwab on immunity grounds and without prejudice as to his claims against the remaining parties -- Sheriff Noel Stephen, John Rouleau and John Ashby -- as an impermissible shotgun pleading.  On appeal, Grant argues that: (1) the district court erred in dismissing without prejudice Grant's claims against Stephen, Ashby, and Rouleau because, generally, his complaint was sufficient; (2) the district court erred in dismissing his claims against Judge Schwab on immunity grounds because Judge Schwab is liable for the state court's Americans with Disabilities Act ("ADA") compliance in his official capacity as Chief Judge; and (3) the district court improperly dismissed his second amended complaint rather than affording him another opportunity to amend.  After careful review, we affirm.

## I.

We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A court has inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure. *Id.* We also review for abuse of discretion a district court's decision to deny leave to amend. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Whether an official is entitled to absolute immunity is a question of law that we review *de novo*. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017). In considering a claim of absolute immunity, we accept as true the allegations of the complaint, along with any reasonable inference that may be drawn from them. *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999).

We may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

## II.

First, we are unpersuaded by Grant's claim that the district court erred in dismissing without prejudice Grant's claims against Stephen, Ashby, and Rouleau. It is well recognized that a court should construe *pro se* litigants' pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However,

when an appellant fails to identify a particular issue in his brief for us or fails sufficiently to argue the merits of his position on an identified issue, he is deemed to have abandoned it. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012). When an appellant abandons or "forfeits" an issue on appeal, we will not address it absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873–75 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022). Moreover, a district court's judgment should be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling. *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014).

A party does not adequately brief a claim where he fails to plainly and prominently raise it by, for example, making only passing references to it in the "statement of the case" or "summary of the argument" or failing to advance arguments or cite authority establishing that the district court's holding was in error. *Id.* at 681–82. Additionally, an issue is abandoned when references to it are no more than conclusory assertions or are "mere background to the appellant's main arguments" or "buried within those arguments." *Id.* at 682 (quotations omitted).

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). If doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count or defense. *Id.* "Shotgun pleadings are those that incorporate every antecedent allegation by reference

into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). We have repeatedly condemned the use of shotgun pleadings because those types of complaints do not provide a "short and plain statement of the claim" as is required under Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (quotations omitted).

A shotgun complaint often is a complaint replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *Weiland*, 792 F.3d at 1322. We have said the unifying characteristic of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1323.

In his appeal brief, Grant does not challenge all of the district court's independent, alternative grounds for dismissing his second amended complaint against Sheriff Stephen, Rouleau and Ashby. Notably, the district court dismissed these portions of Grant's second amended complaint as an impermissible a shotgun pleading because Counts 1 and 2 "bundle[d] together multiple, separate claims" and did not separate each cause of action into a different count. In addition, it said that the pleading was "difficult to

6                    Opinion of the Court                    22-11820

understand and replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." However, in his brief on appeal, Grant does not even mention, let alone challenge, these specific grounds for dismissal. At most, when making a general argument that his pleading, overall, complied with the Federal Rules, he mentions the dismissal as a shotgun pleading in passing. Because Grant fails to prominently raise the shotgun pleading issue in his brief on appeal, we affirm the district court's dismissal without prejudice of Grant's claims against Stephen, Ashby, and Rouleau. *See Sapuppo*, 739 F.3d at 680–82.

### III.

We also find no merit to Grant's argument that the district court erred in dismissing with prejudice his claims against Judge Schwab under the judicial immunity doctrine. Judges enjoy absolute judicial immunity when they act in their judicial capacity as long as they do not act "in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotations omitted). Absolute immunity also applies to claims made in an individual capacity. *Stevens*, 877 F.3d at 1300–01, 1304–08 (stating that the plaintiff's claims were against the judge in his individual capacity and applying absolute immunity). A judge must decide all cases before him, including cases that are controversial and may arouse intense feelings in the litigants. *Id.* at 1301. Although a judge's error may be corrected on appeal, he should not have to fear that unsatisfied litigants may pursue litigation charging malice

or corruption, which would not promote principled or fearless decision-making. *Id.*

Absolute immunity is not reserved only for Article III judges and is not based on rank or title, but rather flows from the "nature of the responsibilities of the individual official." *Id.* at 1301–02 (quotations omitted). Courts instead use a functional approach to determine whether an official is entitled to absolute immunity. *Id.* at 1302. Factors to consider in deciding whether to apply absolute immunity to a particular person include: (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctability of error on appeal. *Id.* Thus, absolute immunity has been extended to state court judges. *Id.*

Under Rule 8, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (ellipsis omitted)). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and brackets omitted).

Here, the district court did not err in dismissing Grant's claims against Judge Schwab. For starters, the district court correctly determined that Grant's allegations that Judge Schwab delayed in granting him an accommodation to file papers manually solely concerned an action taken within Judge Schwab's judicial capacity while he was performing a normal judicial function. *Sibley*, 437 F.3d at 1070. In another part of the second amended complaint, Grant sought to hold Judge Schwab liable for another state court judge's conduct of allegedly publishing details of Grant's disability in open court. But it is unclear, and Grant does not attempt to explain how Judge Schwab would be liable for the acts of another judge's conduct in that judge's courtroom, even considering Judge Schwab's role as Chief Judge of the Nineteenth Judicial Circuit. Because Grant did not allege that Judge Schwab ever acted beyond the scope of his judicial capacity or in the clear absence of jurisdiction, these claims were barred by judicial immunity. *Id.*

Grant also appears to have alleged more generally that the Nineteenth Judicial Circuit improperly restricted disability access to the court. But regardless of whether Judge Schwab was entitled to judicial immunity from those claims, they were still properly dismissed because Grant's pleading did not comply with the requirements of the Federal Rules. *See* Fed. R. Civ. P. 8(a)(2). Among

other things, Grant's second amended complaint was replete with conclusory allegations that were difficult to decipher and did not state discernible factual allegations that would warrant relief. *See Iqbal*, 556 U.S. at 678. Moreover, his pleading did not give Judge Schwab fair notice of what claims were being brought against him, nor did it state cognizable grounds for relief. *See Twombly*, 550 U.S. at 555. Although the district court did not dismiss the second amended complaint on the grounds of failure to state a claim, the record clearly supports that the court would have been justified in doing so. *See Kernel Records*, 694 F.3d at 1309. Accordingly, all claims against Judge Schwab were properly dismissed.

## IV.

Finally, we are unconvinced by Grant's argument that the district court erred in dismissing his second amended complaint without granting him leave to amend. Generally, a plaintiff proceeding *pro se* must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so. *Woldeab*, 885 F.3d at 1291–92; *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (noting that in some situations, further leniency -- or "an extra dose of grace" -- may be warranted "in recognition of the difficulty in proceeding *pro se*"). In *Woldeab*, we held that a district court abused its discretion by dismissing a *pro se* plaintiff's case with prejudice because the plaintiff never clearly indicated that he did not want to amend his complaint and because a more carefully crafted

complaint with more specific allegations against the proper defendant might have been able to state a claim. 885 F.3d at 1291–92.

However, a district court need not grant leave to amend where the district court has a clear indication that the plaintiff does not want to amend his complaint or where a more carefully drafted complaint could not state a claim. *Id.* at 1291. Leave to amend would be futile "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). A district court does not abuse its discretion by denying leave to amend as futile where a plaintiff fails to identify any new facts that might form the basis for stating a claim successfully. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326–27 (11th Cir. 2001).

Here, the district court properly dismissed Grant's second amended complaint without granting him leave to amend. As the record reflects, by the time Grant filed his second amended complaint, he had be given numerous opportunities to revise his pleading in a way that could have potentially sustained a claim. *See Woldeab*, 885 F.3d at 1291–92. Further, as we see it, a third amended complaint still would fail at the motion-to-dismiss stage. *See L.S. ex rel. Hernandez*, 982 F.3d at 1332. This is especially true since Grant's claims against Judge Schwab continue to appear to depend on Judge Schwab's actions in his official capacity. *See Woldeab*, 885 F.3d at 1291. Thus, the district court did not abuse its discretion by dismissing the claims against Judge Schwab with

prejudice and by denying Grant leave to amend a third time. *Vanderberg*, 259 F.3d at 1326–27.

As for the other defendants, Grant also had multiple opportunities to revise his pleading in a way that could have potentially sustained a claim and he failed to do so. *See Woldeab*, 885 F.3d at 1291–92. Notably, Stephen, Ashby, and Rouleau pointed to specific issues with Grant's complaint throughout the district court proceedings in their various motions to dismiss, and, the district court correctly pointed out that Grant did not address Stephen, Ashby, and Rouleau's argument that his complaint constituted an impermissible shotgun pleading. To date, Grant never has substantively responded to those arguments. Nevertheless, on appeal, he again appears to argue that he should be given yet another opportunity to amend his entire complaint. However, he does not indicate what he would say in a third amended complaint that would fix any of the issues that led to the current dismissal. And, in any event, his claims against Stephen, Ashby, and Rouleau were dismissed without prejudice. Thus, nothing precludes Grant from refiling his claims against Stephen, Ashby, and Rouleau in a new proceeding. Accordingly, we affirm the district court's order granting the defendants' motion to dismiss in its entirety.

**AFFIRMED.**[1]

---

[1] In addition, because we see no reason to remand for an evidentiary hearing on any of the issues on appeal, Appellant's "Motion to Remand" is DENIED.